996 F.2d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Elizabeth A. HILL, Plaintiff-Appellee,
v.
THE BOARD OF SUPERVISORS OF STAFFORD COUNTY, VIRGINIA,
Defendant-Appellant.
 No. 92-1717.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 1, 1993.
Decided: June 22, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CA-91-1456-A)
 Argued: Jack L. Gould, Fairfax, Virginia, for Appellant.
 John Michael Bredehoft, Charlson & Bredehoft, P.C., Fairfax, Virginia, for Appellee.
 On Brief: Elaine C. Bredehoft, Charlson & Bredehoft, P.C., Fairfax, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, NIEMEYER, Circuit Judge, and RESTANI, Judge, United States Court of International Trade, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Following a bench trial, the United States District Court for the Eastern District of Virginia ruled that the Board of Supervisors of Stafford County ("Stafford County" or "County") terminated Elizabeth Hill's employment as a water meter reader on account of her pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. The district court awarded damages and attorneys' fees. The County appeals.
 
 
 2
 Hill began work for Stafford County on April 3, 1990 as a temporary collections clerk in the Department of Financial Services. She applied for and received an offer of a permanent position as a meter reader in the Department of Utilities, contingent upon completion of a six month probationary period. On June 21, 1990, she began work for the Department of Utilities as a probationary employee.
 
 
 3
 On July 9, 1990, Hill told her direct supervisor, Wayne Lewis, that she was pregnant. Lewis relayed this information to his supervisor, Richard Sotzing. The district judge found that during the ensuing months, Lewis made a series of disparaging comments about Hill's pregnancy and her ability to do the work required of her; the judge also found that Lewis stated he would not hire another meter reader who could become pregnant.
 
 
 4
 On October 5, 1990, before her probationary period was complete, Hill received a letter from Sotzing terminating her employment. The letter states that Hill's performance as a meter reader and as a collections clerk was deficient. Evaluations from the Departments of Financial Services and Utilities were attached; both indicate problems with accuracy and productivity. The Department of Utilities' evaluation, drafted by Lewis, states that Hill routinely misreads an excessive number of meters each day. The district court found that, at the time she was terminated, Hill asked Sotzing whether she was terminated due to her pregnancy; Sotzing's response was that Hill's pregnancy was taken into account. Hill was replaced by two men, one of whom was terminated some months later. At trial, Stafford County denied that discriminatory remarks were made, or that pregnancy was a factor in the decision to discharge Hill. It claimed that Hill was terminated due to poor performance.
 
 
 5
 On appeal, Stafford County challenges the district court's factual findings, the legal standard that was applied, the decision to admit certain evidence, and the award of attorneys' fees. We find none of these arguments to have merit, and affirm the decision of the district court.
 
 DISCUSSION
 1. District Court Decision
 
 6
 The district judge found that Hill proved a prima facie case of gender discrimination. He found direct evidence of discrimination based on Lewis's discriminatory remarks and Sotzing's admission that Hill's pregnancy was taken into account. He found the testimony of Lewis and Sotzing not credible on several key points, such as whether these discriminatory remarks and admissions were made and the extent to which Hill's work was deficient. He stated that Hill's evidence was more credible than the County's.
 
 
 7
 The judge found that the nondiscriminatory reason proffered by Stafford County for Hill's termination-poor performance-was pretextual. Because the County did not establish a legitimate, nondiscriminatory reason for the discharge, he found a mixed motive case was not presented.[1] Finally, although the district judge found that § 107(b) of the Civil Rights Act of 1991 applied retroactively, he stated that the result would be the same under prior law.
 
 2. Legal Standard and Factual Findings
 
 8
 Stafford County argues that it satisfied the criteria for a mixed motive case. It argues that the governing standard was set forth in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), and that the district judge erred in applying § 107(b) of the Civil Rights Act of 1991 retroactively.
 
 
 9
 Under Price Waterhouse, when gender plays a motivating part in an employment decision, the defendant may avoid Title VII liability only by proving that it would have reached the same decision even if gender had not been considered. 490 U.S. at 258. Section 107(b) of the Civil Rights Act of 1991 modified the Price Waterhouse standard by providing for declaratory and injunctive relief in mixed motive cases. See 42 U.S.C.A. §§ 2000e-2(m), 2000e-5(g)(2)(B) (West Supp. 1993).
 
 
 10
 Here, the district judge found that Stafford County did not establish a legitimate, nondiscriminatory reason for the discharge. Thus, a mixed motive case was not presented, and neither Price Waterhouse nor § 107(b) of the Civil Rights Act of 1991 has any application.
 
 
 11
 Stafford County also argues that the district judge substituted his judgment for that of the County on the question of whether Hill met the County's legitimate job expectations. The County is incorrect; the district judge simply found the County's evidence on Hill's work performance not credible, a finding that is not clearly erroneous.
 
 3. Admission of Evidence
 
 12
 Stafford County claims prejudice due to the district judge's decision to admit into evidence exhibits 32 through 36, which were not on plaintiff's pretrial exhibit list. The exhibits are summaries or analyses prepared by Hill from data produced by the County during discovery; the summaries concern the number of meters misread by Hill.
 
 
 13
 Over the County's objection, the district judge permitted Hill to testify from the summaries, then for the court's convenience admitted the summaries into evidence. Although the judge gave the County an opportunity to examine the summaries during a lunch recess and overnight, the County claims the opportunity was not meaningful because the underlying records were voluminous.[2]
 
 
 14
 Rule 1006 of the Federal Rules of Evidence provides that the contents of records, which cannot conveniently be examined in court, may be presented in the form of a summary. Fed. R. Evid. 1006. Often, admission of such summaries into evidence"offers the only practicable means of making their contents available to [the] judge." Fed. R. Evid. 1006, Notes of Advisory Committee on Proposed Rules. The district judge has discretion to admit summaries into evidence, provided that the underlying evidence is admissible and available to the opponent so that a proper cross-examination may be had. United States v. Strissel, 920 F.2d 1162, 1164 (4th Cir. 1990) (per curiam).
 
 
 15
 Here, the summaries were based on records produced by the County during discovery; obviously, the underlying records were available so that the County's right of cross-examination was not infringed. If the County wished to demonstrate that the summaries did not fairly characterize information in the underlying documents, it was free to do so on cross-examination. See United States v. Bakker, 925 F.2d 728, 737 (4th Cir. 1991).
 
 
 16
 The only real issue is whether admission of the exhibits constitutes unfair surprise. The judge's scheduling order and the local rules provide that all exhibits, other than those for impeachment or rebuttal, must be disclosed at the pretrial conference, or they will not be admitted into evidence. The summaries are not rebuttal evidence; they were used during Hill's case in chief and were relevant to an element of her prima facie case, that she was qualified for the position. The fact that the summaries were also relevant to rebut the County's defense that Hill was unqualified does not excuse the plaintiff's failure to list them as exhibits.
 
 
 17
 A trial judge has broad discretion to admit or exclude evidence that is outside the scope of the pretrial order, and the decision will be reversed only if a clear abuse of discretion is shown. Adalman v. Baker, Watts & Co., 807 F.2d 359, 369 (4th Cir. 1986). In deciding whether the exercise of discretion was proper, we consider factors such as: the surprise to the party against whom the evidence is admitted; the ability of the party to cure that surprise; the extent to which allowing the evidence will disrupt the trial; the explanation for the party's failure to list the evidence; and the importance of the evidence. Id. at 369. While several of these factors might call for exclusion of the summaries, we find that the district court gave the County an adequate opportunity to examine the documents and cure any surprise.[3] If the County did not believe it was given sufficient time, it should have moved for a continuance. The County's claim that the court "telegraphed" a continuance would not be granted is unsupported by the record. The district court did not abuse its discretion in deciding to admit the evidence.
 
 4. Award of Attorneys' Fees
 
 18
 Stafford County argues that the district court's award of attorneys' fees was excessive. It disputes the hours expended and the hourly rate, and claims that the district judge failed to make specific findings.
 
 
 19
 This court has set forth the factors that district courts are to consider in determining the amount of a fee award. Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 & n.28 (4th Cir.), cert. denied, 439 U.S. 934 (1978). We have also stated that district courts must set forth detailed findings of fact with regard to the factors considered so that effective review is possible. Id. at 226; see also EEOC v. Service News Co., 898 F.2d 958, 965 (4th Cir. 1990). In this case, only three factors were at issue: time and labor expended; customary fee; and experience, reputation and skill of the attorney. See Barber, 577 F.2d at 226 n.28. The record reflects the district court's findings with respect to each of these factors.
 
 
 20
 Plaintiff's counsel filed a petition and supplemental petition seeking fees for 271 hours of attorney time at an hourly rate of $200. Under penalty of perjury, the petition excluded time spent on claims that did not proceed to trial. After careful examination of the fee petition, the district judge reduced the number of attorney hours from 271 to 225, finding that the petition relied on a methodology that, although widely used, might lead to inflated fees. The judge also found the $200 hourly rate excessive. Based on affidavits and his experience with previous fee awards, the judge found that $175 was a reasonable hourly rate for an attorney in the area, with the level of experience of plaintiff's counsel. The amount of the fee award was not an abuse of discretion. See Herold v. Hajoca Corp., 864 F.2d 317, 322 (4th Cir. 1988), cert. denied, 490 U.S. 1107 (1989).
 
 
 21
 The district court's decision was not in error and is hereby
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 On this point, the district judge found that Stafford County's failing was tied to evidence on the "double checks," or situations where a meter is read a second time. To carry its burden of proving that Hill was terminated for performance reasons, the district judge found that Stafford County would have had to have shown, based on the double checks, that Hill was less accurate than other meter readers
 
 
 [2]
 On appeal, the County also claims that due to invocation of the rule excluding witnesses, Fed. R. Evid. 615, it was unable to consult with certain witnesses who could have assisted with an analysis of the exhibits. This argument was not made to the trial court, nor was an exception to the rule sought. The argument will not be considered here
 
 
 [3]
 We also note that at least some of the underlying documents were listed on plaintiff's exhibit list, a fact that further undermines the County's argument